The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022-4025
Dear Senator Broadway:
I am writing in response to your request for an opinion concerning City of Benton Ordinance No. 22 of 1992 (hereinafter "Ordinance"), which establishes zoning regulations for the City. You state that some have questioned whether the Ordinance is in compliance with the Affordable Housing Accessibility Act of 2003, codified at A.C.A. §§ 14-54-1601 — 1606 (Supp. 2007). This act requires that municipalities with zoning ordinances "shall allow the placement of manufactured homes on individually owned lots in at least one (1) or more residential districts or zones. . . ."
You point to certain inconsistencies between the Ordinance and state and federal law, and you ask the following specific questions:
 1. When a city ordinance defines a term that is inconsistent with a state or federal definition of the same term, does the city have to comply with the state or federal definition?
 2. Does the provision [in the Ordinance regarding "manufactured dwellings"] allow for the placement of units built to construction standards other than the Benton Building Code? If not, is this provision in violation of A.C.A. § 14-54-1604(a)(1), which requires that "Municipalities that have zoning ordinances shall allow the placement of manufactured homes on individually owned lots in at least one (1) or more residential districts or zones within the municipality?" *Page 2 
 3. If "manufactured homes" could be considered "manufactured dwellings" under the previous question, would the city's limitation of placement of such homes to lot sizes with conditions (such as orientation of the homes front door to the street) that would not allow the placement of manufactured homes due to other restrictions or conditions (such as lot set-back lines) be in violation of A.C.A. § 14-54-1604(c) that states: "Municipalities shall not impose regulations or conditions on manufactured homes that prohibit the placement of manufactured homes or that are inconsistent with the regulations or conditions imposed on other single-family dwellings permitted in the same residential district or zone?"
RESPONSE
Because the City's compliance with the Affordable Housing Accessibility Act is the obvious focus of your concern, I will preface my analysis of your specific questions by observing that it is not apparent from the face of this zoning Ordinance that the City allows the placement of "manufactured homes" on individually owned lots in at least one residential district, as required by A.C.A. § 14-54-1604. The Ordinance's provision for "Special Districts" could possibly authorize the establishment of residential districts that would include "manufactured homes" as required by subsection 14-54-1604. I have no information, however, to suggest that the City has established such districts. Moreover, in my opinion, the requirements of the Affordable Housing Accessibility Act are not satisfied by the possibility that the City might at some point authorize the placement of manufactured homes in a residential district. In sum, it is my opinion that the City's zoning scheme is in violation of the Affordable Housing Accessibility Act.
That being said, I will proceed to address your particular questions.
Question 1 — When a city ordinance defines a term that is inconsistentwith a state or federal definition of the same term, does the city haveto comply with the state or federal definition?
You have prefaced this question with the statement:
 Chapter II of the Ordinance contains definitions for "mobile homes" and "modular homes" that are inconsistent with State and Federal *Page 3 
laws which have defined these terms. (See A.C.A. 14-54-1602(3) [defining "mobile home"] and 20-25-102(11) [1] [defining "modular home"]). Benton has no current definition for "manufactured home" as defined in 14-54-1602(2).
The Ordinance's definitions of "mobile home" and "modular home," and the absence of a separate definition for "manufactured home," are not alone determinative of whether the City is in compliance with the Affordable Housing Accessibility Act. Consideration must be given to the substantive provision(s) in which the defined terms appear under the Ordinance. These provisions must then be analyzed in light of the substantive provisions of the Affordable Housing Accessibility Act.
This act requires that Arkansas cities with zoning ordinances must allow the placement of "manufactured homes" in residential districts or zones as follows:
 Municipalities that have zoning ordinances shall allow the placement of manufactured homes on individually owned lots in at least one (1) or more residential districts or zones within the municipality.
A.C.A. § 14-54-1604(a)(1) (Supp. 2007) (emphasis added).
The term "manufactured home" is defined as follows:
 "Manufactured home" means a dwelling unit constructed in a factory in accordance with the federal standards and meeting the definitions set forth in the federal standards and under § 20-25-102.
Id. at-1602(2) (emphasis added).
The "federal standards" are defined under subsection 14-54-1602 as:
 the Federal Manufactured Home Construction and Safety Standards, 24 C.F.R. 3280, promulgated by the United States Department of *Page 4 
Housing and Urban Development under the authority of 42 U.S.C. § 5401 et seq., as it existed on January 1, 1976.[2]
Id. at (1).
A "manufactured home" is defined in relevant part under these federal standards as follows:
 Manufactured Home means a structure, transportable in one or more sections, which in the traveling mode, is eight body feet or more in width or forty body feet or more in length, or, when erected on site, is three hundred twenty or more square feet, and which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air-conditioning, and electrical systems contained therein. . . .
24 C.F.R. § 3280.2.
The Arkansas Code section referenced in the above A.C.A. § 14-54-1602(a)(2) — A.C.A. § 20-25-102 — is part of the Arkansas Manufactured Homes Standards Act.[3] The definition of "manufactured home" under this act tracks the federal definition. See A.C.A. § 20-25-102(10) (Supp. 2007).
Pursuant to A.C.A. § 14-54-1604(a)(1), therefore, cities with zoning ordinances must site "manufactured homes" built to federal standards, i.e., HUD-manufactured *Page 5 
homes, see n. 2, supra, in at least one residential zone, with such "manufactured homes" being structures that are transportable in one or more sections, which in the traveling mode are 8 body feet or more in width or 40 body feet or more in length or, when erected on site, are 320 or more sq. ft., and which are built on a permanent chassis and designed to be used as dwellings with or without a permanent foundation when connected to the required utilities.[4] The Affordable Housing Accessibility Act is explicit in providing that such structures cannot be restricted to "mobile home parks, subdivisions, or land-lease communities." Id. at (a)(2).[5]
Turning to City of Benton Ordinance No. 22 of 1992, the Ordinance addresses, inter alia, the siting of "mobile homes" and "modular homes," and defines these terms as:
 Mobile Home — A movable living unit with facilities for cooking and sleeping, originally having no foundation other than wheels, jacks, or skirting.
Ordinance at 4. See also id. at 53 (under Chp. VIII, "Provisions For Locating Mobile Homes"). *Page 6 
 Modular Homes — A single or multi-family dwelling intended for permanent occupancy, made by assembling one or more factory produced three dimensional sections into an integral living unit, whose construction materials and specifications conform to those of conventional built units.
Id.
As you have pointed out, the Ordinance has no definition for "manufactured home."
These definitions, and the absence of a separate definition for "manufactured home," are not alone determinative of whether the City complies with the Affordable Housing Accessibility Act. The definition of "mobile home" might be sufficiently broad to include "manufactured homes" as defined under that Act. It is therefore necessary to look to the Ordinance's substantive zoning provisions. In this regard, I note that under the Ordinance, "mobile homes" may be located in three areas: "Mobile Home Parks" that are in "Mobile Home Districts, id. at 53,55; "Special Districts" as part of a "comprehensive revitalization and renewal program," id. at 55; and "Residential Districts" on a "temporary basis for a period of not longer than six (6) months." Id. at 53-54.
None of these locations appears to allow for the placement of mobile homes on individually owned lots in at least one residential district, as required by A.C.A. § 14-54-1604. A "mobile home district" is clearly distinct from a "residential district" under the Ordinance. Compare
Ordinance, Chp. V (establishing "One Family Residential Districts" and "Multi-Family Residential Districts") and Chp. VIII, § 803.0 (providing that "[m]obile home parks" may be located in Mobile Home Districts (RMD) subject to the provisions set forth in this section."). Regarding the authorization of "special districts," Ordinance at 55, I note that this category of district is also distinguished from "residential districts." I can speculate that such a district might possibly be established as a residential district so as to allow the placement of mobile homes on individually owned lots, in which case the City would seemingly be in compliance with A.C.A. § 14-54-1604(a)(1). It must be recognized, however, that subsection 14-54-1604(a)(1) requires that cities having zoning ordinances "shall allow the placement of manufactured homes" in at least one residential district. Id. (emphasis added). In my opinion, this affirmative mandate is not satisfied by the possibility that the City might at some point allow manufactured homes in a residential district. *Page 7 
Regarding the Ordinance's provision for locating mobile homes in "residential districts," this clearly does not satisfy A.C.A. §14-54-1604(a)(1), in that mobile homes are only permitted in such residential districts under "temporary" or "medical hardship" permits. Ordinance at 53-54. While the Affordable Housing Accessibility Act allows municipalities to "establish reasonable regulations or conditions for the placement of manufactured homes . . . [,]" A.C.A. § 14-54-1604(b), such regulations and conditions must be consistent with the regulations or conditions imposed on other single-family dwellings permitted in the same residential district or zone. Id. at (b)(8) and (c).
I note, finally, that "manufactured dwellings meeting all the building codes of the City" may be placed in a "R1-4.0 one-family residential district" under the Ordinance. Id. at 19. Although the term "manufactured dwellings" is not defined, this would seem to include "modular homes," as defined above, meeting City building codes. Id. at 53. "Mobile homes" are specifically excluded from this provision. Id. (stating that "[d]wellings construed by the Director of Community Services to be mobile homes shall not be permitted in the district as a principal structure.") Most significant for purposes of the Affordable Housing Accessibility Act, this provision of the Ordinance would not appear to include "manufactured homes" as contemplated by A.C.A. § 14-54-1604(a)(1), which refers to units constructed in accordance with federal standards.
After reviewing the Ordinance's substantive provisions with respect to "mobile homes," "modular homes," and "manufactured dwellings," I find no provision indicating that the City allows the placement of "manufactured homes" in a residential district, as required by A.C.A. § 14-54-1604. If the City has created a "special district" or districts as part of a "comprehensive revitalization and renewal program," Ordinance at 55, this might be relevant to the determination of whether the City complies with subsection 14-54-1604. I have no information, however, to suggest that the City has established such districts.
Question 2 — Does the provision [in the Ordinance regarding "manufactureddwellings"] allow for the placement of units built to constructionstandards other than the Benton Building Code? If not, is this provisionin violation of A.C.A. § 14-54-1604(a)(1), which requires that"Municipalities that have zoning ordinances shall allow the placement ofmanufactured homes on individually owned lots in at least one (1) or moreresidential districts or zones within the municipality?" *Page 8 
As noted above, the answer to the first part of this question appears to be "no." In response to the second part of this question, the provision in the Ordinance regarding "manufactured dwellings" does not alone violate A.C.A. § 14-54-1604(a)(1). This provision must be considered together with the Ordinance's other substantive provisions in order to determine whether the City meets the requirements of A.C.A. § 14-54-1604. As stated above, having viewed the Ordinance as a whole, I find no provision indicating that the City allows the placement of "manufactured homes" in a residential district, as required by A.C.A. § 14-54-1604.
Question 3 — If "manufactured homes" could be considered "manufactureddwellings" under the previous question, would the city's limitation ofplacement of such homes to lot sizes with conditions (such as orientationof the homes front door to the street) that would not allow the placementof manufactured homes due to other restrictions or conditions (such aslot set-back lines) be in violation of A.C.A. § 14-54-1604(c) thatstates: "Municipalities shall not impose regulations or conditions onmanufactured homes that prohibit the placement of manufactured homes orthat are inconsistent with the regulations or conditions imposed on othersingle-family dwellings permitted in the same residential district orzone?"
In my opinion, the City may not establish requirements or conditions that have the effect of precluding the placement of so-called "HUD-manufactured homes," see discussion above, in all residential zones. The City generally may set limitations or restrictions "that are applicable to other single-family dwellings in the same residential district or zone." A.C.A. § 14-54-1604(b)(8). But if those conditions effectively prohibit the placement of manufactured homes, I believe the City will be acting contrary to the Affordable Housing Accessibility Act.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] You cited subsection 20-25-102(9), but I assume you were citing to the 2005 replacement volume of the Arkansas Code. As currently codified, A.C.A. § 20-25-102 defines the term "modular home" under subsection (11). See 2007 Supplement.
[2] This federal law is the National Manufactured Housing Construction and Safety Standards Act of 1974, 42 U.S.C. § 5401-5426 (2003). Congress passed this legislation in order to "reduce the number of personal injuries and deaths and the amount of insurance costs and property damage resulting from manufactured home accidents and to improve the quality and durability of manufactured homes." Id. at-5401. To accomplish these objectives, Congress ordered the Secretary of Housing and Urban Development (HUD) to establish federal construction and safety standards for manufactured homes. Id. at-5403(a). These regulations, codified at 24 C.F.R. §§ 3280 et seq., provide standards with which manufacturers must comply in building manufactured homes. Manufactured homes built according to these standards are commonly referred to as HUD-manufactured homes.
[3] The Arkansas Manufactured Homes Standards Act, A.C.A. §§ 20-25-101
— 113 (Repl. 2005 and Supp. 2007) requires the Arkansas Manufactured Home Commission to take action as necessary to comply with the National Manufactured Housing Construction and Safety Standards Act, supra at n. 1, including providing for the enforcement of the federal Manufactured Home Construction and Safety Standards. A.C.A. § 20-25-106(n) (Supp. 2007).
[4] I believe there is some question whether "modular homes" are included within the Affordable Housing Accessibility Act's siting requirements. Both the National Manufactured Housing Construction and Safety Standards Act and the Arkansas Manufactured Homes Standards Act recognize a distinction between "manufactured homes" and "modular homes." Subsection 20-25-102 of the Arkansas Act defines a "modular home" as "a factory-built structure . . . (A) Produced in accordance with state or local construction codes and standards; and (B) Designed to be used as a dwelling unit with a foundation when connected to the required utilities[.]" A.C.A. § 20-25-102(11) (Supp. 2007). Under the federal act, modular housing that would otherwise meet the definition of a "manufactured home" may be excluded from coverage, if the manufacturer elects to subject the structure to state or local codes governing modular housing in lieu of the federal manufactured home standards. See42 U.S.C. § 5403(f); 24 C.F.R. §§ 3280.7 and 3282.12. Because both acts contemplate modular homes being constructed according to state or local standards, the Affordable Housing Accessibility Act's applicability is somewhat unclear, given that A.C.A. § 14-54-1604 applies to "manufactured homes" that are "constructed . . . in accordance with the federalstandards. . . ." A.C.A. § 14-54-1602(2) (emphasis added) (defining "manufactured home"). It may be that the legislature was not concerned regarding modular homes when it enacted the Affordable Housing Accessibility Act, under the assumption that such homes will be allowed in residential zones, given that they must meet state or local standards. Indeed, as noted further herein, the Ordinance in question appears to allow modular homes in a residential district. See Ordinance at pp. 19 and 53.
[5] There is an exception for units constructed before the enactment of the federal standards. Such units may be prohibited in all residential districts or they may be restricted to "designated mobile home parks, subdivisions, or land-lease communities." A.C.A. §§ 14-54-1602(3) and-1605.